UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

  v.              **BENCH STATEMENT**
                    12-CR-103S (1) (2)
KENNETH PETTWAY, JR., and
DEMETRIUS BLACK,

      Defendants.

**THIS STATEMENT DOES NOT CONSTITUTE A PUBLISHED DECISION AND ORDER OF THIS COURT. IT IS LIMITED TO THE FACTS OF THIS CASE AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY OR OTHERWISE USED IN UNRELATED CASES BEFORE THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

THIS COURT HAS BEFORE IT DEFENDANT PETTWAY'S MOTION IN LIMINE TO PRECLUDE EVIDENCE CONCERNING HIS AFFILIATION WITH "THE BAILEY BOYS" AND FOR RELIEF STEMMING FROM THE DESTRUCTION OF CERTAIN EVIDENCE. (DOCKET NO. 878). DEFENDANT BLACK JOINS THE MOTION.

AS TO THE FIRST PORTION OF THE MOTION, DEFENDANTS REQUEST AN ORDER PRECLUDING THE GOVERNMENT FROM INTRODUCING EVIDENCE OF THEIR AFFILIATION WITH "THE BAILEY BOYS" OR ANY OTHER STREET GANG OR ORGANIZATION. DEFENDANTS ARGUE THAT THIS EVIDENCE IS NO LONGER RELEVANT SINCE THE RACKETEERING CHARGES—WHICH WERE BASED ON

1

ALLEGATIONS THAT "THE BAILEY BOYS" IS A CRIMINAL ORGANIZATION—HAVE BEEN DISMISSED.

THE GOVERNMENT MAINTAINS THAT EVIDENCE OF DEFENDANTS' AFFILIATION WITH "THE BAILEY BOYS" REMAINS RELEVANT AND ADMISSIBLE TO PROVE THE NARCOTICS CONSPIRACY THAT REMAINS IN THE INDICTMENT.  IT FURTHER ARGUES THAT EVIDENCE OF DEFENDANTS' INVOLVEMENT IN "THE BAILEY BOYS" IS INEXTRICABLY INTERTWINED WITH EVIDENCE OF THE EXISTENCE OF THE CONSPIRACY AND OF THE DEFENDANTS' DRUG ACTIVITIES.

THIS COURT CONCURS WITH THE GOVERNMENT'S POSITION.  EVIDENCE OF THE DEFENDANTS' ALLEGED AFFILIATION WITH "THE BAILEY BOYS" IS RELEVANT TO THE REMAINING CHARGES IN THE INDICTMENT, WHICH INCLUDES A CONSPIRACY CHARGE.  THE GOVERNMENT IS ENTITLED TO OFFER EVIDENCE OF THE EXISTENCE OF THE CONSPIRACY AND DEFENDANTS' MEMBERSHIP IN IT, WHICH INTERSECTS WITH DEFENDANTS' ALLEGED AFFILIATION WITH "THE BAILEY BOYS."  EVIDENCE OF DEFENDANTS' AFFILIATION WITH "THE BAILEY BOYS" IS THUS INEXTRICABLY INTERTWINED WITH EVIDENCE OF THE DRUG CONSPIRACY AND ADMISSIBLE TO PROVE THE NARCOTICS CONSPIRACY.  SEE UNITED STATES V. DIAZ, 176 F.3D 52, 79 (2D CIR. 1999); UNITED STATES V. SCOTT, 2015 WL 1525580, AT *3 (D.CONN. 2015).

MOREOVER, THIS COURT FINDS NO UNFAIR PREJUDICE OR SURPRISE UNDER RULE 403. DEFENDANTS' ALLEGED AFFILIATION WITH "THE BAILEY BOYS" HAS BEEN PERSISTENT IN THIS PROSECUTION. THIS COURT IS UNCONVINCED THAT DEFENDANTS HAVE PREPARED THEIR DEFENSE OF THIS CASE WITHOUT REGARD TO THEIR ALLEGED INVOLVEMENT IN OR CONNECTION TO "THE BAILEY BOYS." I THEREFORE FIND NO UNFAIR PREJUDICE OR SURPRISE.

DEFENDANTS' REQUEST TO PRECLUDE THIS EVIDENCE IS THEREFORE **DENIED**.

AS TO DEFENDANTS' SECOND REQUEST, THEY SEEK A HEARING AND OTHER RELIEF RELATING TO THE DESTRUCTION OF CERTAIN EVIDENCE, WHICH THEY SAY HAS DEPRIVED THEM OF THEIR DUE PROCESS RIGHTS. AT ISSUE IS THE GOVERNMENT'S ADMISSION THAT THE DRUGS FROM CONTROLLED BUYS ON DECEMBER 22 AND 30, 2011, WERE DESTROYED BY LAW ENFORCEMENT AND ARE NO LONGER AVAILABLE.

THE GOVERNMENT HAS REPRESENTED THAT IT ONLY RECENTLY LEARNED OF THESE TWO CONTROLLED BUYS AND IMMEDIATELY NOTIFIED DEFENSE COUNSEL UPON THEIR DISCOVERY. WHEN THE GOVERNMENT INQUIRED OF LOCAL LAW ENFORCEMENT ABOUT THESE BUYS, IT WAS TOLD

THAT THE DRUGS THEMSELVES WERE DESTROYED, THOUGH SOME REPORTS REMAINED AVAILABLE.

AFTER ASSESSING THIS DISCLOSURE AND THE UNAVAILABLE EVIDENCE, THE GOVERNMENT HAS ELECTED NOT TO PRESENT THESE TWO BUYS AS CONFIDENTIAL SOURCE, CONTROLLED BUYS.  IN OTHER WORDS, THESE BUYS WILL BE PRESENTED AMONG OTHER BUYS THE CONFIDENTIAL SOURCE WILL DESCRIBE, WITH NO LAW ENFORCEMENT EVIDENCE OR COMPONENT PRESENTED.

DEFENDANTS NONETHELESS ARGUE THAT THE DESTRUCTION OF THIS EVIDENCE VIOLATES THEIR DUE PROCESS RIGHTS AND SHOULD RESULT IN EITHER DISMISSAL OF THE INDICTMENT OR THE PRECLUSION OF ALL EVIDENCE FROM THE CONFIDENTIAL SOURCE.  DEFENDANTS MAINTAIN THAT THE DESTROYED EVIDENCE IS EXCULPATORY, BECAUSE THEY WOULD HAVE BEEN ABLE TO TEST THE EVIDENCE AND PERHAPS ESTABLISH THAT IT DID NOT COME FROM THEM.

THE GOVERNMENT ARGUES THAT THE DESTROYED EVIDENCE IS NEITHER MATERIAL NOR EXCULPATORY.  IT REPRESENTS THAT THE EVIDENCE WAS DESTROYED AS A MATTER OF COURSE BY THE LOCAL LAW ENFORCEMENT DEPARTMENT AND THERE IS NO EVIDENCE OF BAD FAITH.  IT

FURTHER CONTENDS THAT DEFENDANTS SUFFER NO PREJUDICE OR DUE PROCESS VIOLATIONS BECAUSE THE LAW ENFORCEMENT ASPECT OF THE TWO BUYS WILL NOT BE INTRODUCED AT TRIAL.

HAVING CONSIDERED THE ARGUMENTS, THIS COURT FINDS THAT DEFENDANTS HAVE NOT BEEN DENIED DUE PROCESS OR ACCESS TO EXCULPATORY EVIDENCE.

FIRST, THE DESTROYED EVIDENCE IS NOT BEING USED AGAINST THE DEFENDANTS IN ANY WAY.  THE GOVERNMENT IS VOLUNTARILY ELECTING TO NOT USE ANY COLLATERAL LAW ENFORCEMENT EVIDENCE (E.G. TESTIMONY, REPORTS) CONCERNING THE TWO CONTROLLED BUYS AT ISSUE.  THUS, THE ABSENCE OF THE PHYSICAL EVIDENCE DOES NOT AFFECT DEFENDANTS' ABILITY TO DEFEND AGAINST THE EVIDENCE AGAINST THEM.

SECOND, THE GOVERNMENT HAS REPRESENTED THAT THE PHYSICAL EVIDENCE WAS DESTROYED PURSUANT TO A LOCAL LAW ENFORCEMENT ROUTINE POLICY GOVERNING THE DESTRUCTION OF PHYSICAL EVIDENCE. ALTHOUGH DEFENDANTS ACCUSE THE GOVERNMENT OF DESTROYING THE EVIDENCE IN BAD FAITH, THEY HAVE COME FORTH WITH NO BASIS WHATSOEVER FOR THAT ACCUSATION.  AS SUCH, THERE IS NO BASIS FOR A HEARING.

THIRD, DEFENDANTS' POSITION THAT THE PHYSICAL EVIDENCE CONSTITUTED EXCULPATORY EVIDENCE IS STRAINED. DEFENDANTS CONTEND THAT THEY COULD HAVE TESTED THE EVIDENCE TO PROVE THAT IT DID NOT COME FROM THEM OR WAS NOT IN FACT CONTROLLED SUBSTANCES. ASIDE FROM BEING ENTIRELY SPECULATIVE, THIS CONTENTION IGNORES THE FACT THAT OTHER EXISTING EVIDENCE RELATING TO THESE TWO BUYS, SUCH AS CONFIDENTIAL SOURCE TESTIMONY AND LAW ENFORCEMENT REPORTS (WHICH, AGAIN, THE GOVERNMENT WILL NOT BE USING), ACTUALLY INCULPATES THEM. THE PROBABILITY THAT THE DESTROYED PHYSICAL EVIDENCE WOULD HAVE BEEN EXCULPATORY IS THEREFORE EXTREMELY LOW, IF NOT NON-EXISTENT.

CONSEQUENTLY, DEFENDANTS' REQUEST FOR A HEARING, TO PRECLUDE TESTIMONY, AND TO DISMISS THE INDICTMENT IS **DENIED**.

FOR THESE REASONS, DEFENDANTS' MOTION IN LIMINE (DOCKET NO. 878) IS DENIED.

SO ORDERED.

Dated:   October 6, 2017
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge