UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

DEMETRIUS BLACK,

              Defendant.

**DECISION AND ORDER**
12-CR-103S (2)

## I. INTRODUCTION

Presently before this Court is Defendant Demetrius Black's *pro se* Motion for Compassionate Release, which the government opposes. See 18 U.S.C. § 3582 (c)(1)(A). For the reasons discussed below, Black's motion is denied.

## II. BACKGROUND

On May 10, 2018, Black pleaded guilty to possessing heroin and cocaine with intent to distribute, in violation of 21 U.S.C. § 841 (a)(1). (Docket Nos. 994, 995.) Six months later, on November 9, 2018, this Court sentenced Black to 72 months' imprisonment, 3 years' supervised release, a $100 special assessment, and no fine, fees or costs, which was consistent with the sentencing provision in Black's plea agreement that called for imposition of a sentence within an agreed-upon range of 60-120 months' imprisonment pursuant to Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure. (Docket Nos. 994, 1146, 1147.) Black is presently serving his sentence at FCI Allenwood Low, with a release date of October 26, 2023.[1]

On June 8, 2020, Black filed a *pro se* motion for compassionate release under 18

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 16, 2020).

1

U.S.C. § 3582 (c)(1)(A)(i).  (Docket No. 1246.)  He argues that the possibility of contracting COVID-19 while incarcerated, despite having "little to no medical issues," constitutes an extraordinary and compelling reason warranting his release.  (Motion for Compassionate Release, Docket No. 1246, p. 1.)  The government opposes Black's motion.  (Docket No. 1248.)

### III. DISCUSSION

**A.     Compassionate Release under 18 U.S.C. § 3582 (c)(1)(A)(i)**

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).  One such statute is 18 U.S.C. § 3582 (c)(1)(A)(i) which, as amended by the First Step Act of 2018,[2] provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing

---

[2] Congress amended 18 U.S.C. § 3582 (c)(1)(A) in the First Step Act of 2018 to allow prisoners to bring their own motions for compassionate release after proper exhaustion.  See Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).  The previous version of the statute permitted only the Bureau of Prisons to bring compassionate-release motions.  See, e.g., United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *1 n.1 (S.D.N.Y. Feb. 4, 2020) (explaining the First Step Act amendment); United States v. Gotti, 433 F. Supp. 3d 613, 614-15 (S.D.N.Y. 2020) (same).

2

Commission.

The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute. See United States v. Ebbers, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020). A defendant proceeding on his or her own motion may meet that burden by demonstrating (1) that he or she satisfied the statutory exhaustion requirement, (2) that extraordinary and compelling reasons exist for a sentence reduction, and (3) that a sentence reduction is consistent with the applicable Sentencing Guidelines provisions. See 18 U.S.C. § 3582 (c)(1)(A)(i); United States v. Perez, 17 Cr. 513-3 (AT), 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020). If the court finds, after consideration of the applicable 18 U.S.C. § 3553 (a) factors, that the defendant has met this burden, it may reduce the defendant's sentence under the statute. See 18 U.S.C. § 3582 (c)(1)(A)(i); see also United States v. Gileno, No. 3:19-CR-161-(VAB)-1, 2020 WL 1307108, at *1-2 (D. Conn. Mar. 19, 2020).

The statutory exhaustion requirement is mandatory and "must be strictly enforced." United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) (citing Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004)); United States v. Cassidy, 17-CR-116S, 2020 WL 1969303, at *3-8 (W.D.N.Y. Apr. 24, 2020) (finding exhaustion mandatory). The exhaustion requirement is met when the earlier of two circumstances occurs: (1) the defendant fully exhausts all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, [3] or (2) 30 days lapse from the date the warden of the

---

[3] The Scparta court explained the administrative process before the Bureau of Prisons as follows:

> First, an inmate must request the warden of her facility to file a compassionate-release motion on her behalf. 28 C.F.R. § 571.61 (a).

3

defendant's facility receives the defendant's request to file such a motion on his or her behalf.  See 18 U.S.C. § 3582 (c)(1)(A).

Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582 (c)(1)(A)(i).  See 28 U.S.C. § 994 (t).  The Commission, in turn, promulgated a Policy Statement concerning sentence reductions under 18 U.S.C. § 3582 (c)(1)(A) in § 1B1.13 of the United States Sentencing Guidelines.  The Commentary to that section contains four examples of circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction:  "Medical Condition of the Defendant"; "Age of the Defendant"; "Family Circumstances"; and "Other Reasons".  See U.S.S.G. § 1B1.13.

At issue here is the "Other Reasons" category.  The "Other Reasons" category is a catch-all provision encompassing "an extraordinary and compelling reason other than, or in combination with, the [other] reasons described."[4]  Id. n. 1 (D).

As it relates to the requirement that a sentence reduction be consistent with the

---

> Second, if the warden denies the prisoner's request, she has 20 days to appeal to the BOP's Regional Director.  Id. § 571.63 (a) (providing that denials of compassionate-release requests are governed by the BOP's general Administrative Remedy Program, contained in 28 C.F.R. §§ 542.10-542.19); id. § 542.15 (a) ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response.").  Third, if the Regional Director denies the prisoner's request, she then has 30 days to appeal to the BOP General Counsel.  Id. § 542.15 (a).  A decision from the General Counsel is the final step in the BOP's Administrative Remedy Program, id., and therefore "constitutes a final administrative decision," id. § 571.63 (b).

United States v. Scparta, 18-cr-578 (AJN), 2020 WL 1910481, at *7 (S.D.N.Y. Apr. 20, 2020).

[4] The Bureau of Prisons has implemented a Program Statement to guide its own implementation of 18 U.S.C. § 3582 (c)(1)(A).  See Bureau of Prisons Program Statement 5050.50, eff. January 17, 2019 (available at https://www.bop.gov/PublicInfo/execute/policysearch?todo=query# (last visited July 16, 2020)). This Court assumes without deciding that this Program Statement is non-binding as it relates to the

applicable Sentencing Guidelines provisions, U.S.S.G. § 1B1.13 is once again the relevant provision. It provides that a court may reduce a sentence if, after consideration of the 18 U.S.C. § 3553 (a) factors, it determines that

> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559 (c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142 (g); and
>
> (3) the reduction is consistent with this policy statement.

See U.S.S.G. § 1B1.13.

Finally, district courts have broad discretion in deciding whether to grant or deny motions for sentence reduction. See Gileno, 2020 WL 1307108, at *2.

**B.  Black's Motion for Sentence Reduction**

**1.  Exhaustion of Administrative Rights**

As indicated above, 18 U.S.C. § 3582 (c)(1)(A) contains a threshold exhaustion requirement. To satisfy this requirement, a defendant must demonstrate that either (1) he or she fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf,

---

"Other Reasons" provision of U.S.S.G. § 1B1.13 comment n. 1 (D), and that it is therefore not constrained by what the Director of the Bureau of Prisons might consider other extraordinary and compelling reasons for sentence reduction. See, e.g., United States v. Marks, 03-CR-6033L, 2020 WL 1908911, at *5-7 (W.D.N.Y. Apr. 20, 2020) (finding that post-First Step Act, district courts are no longer bound by the specific categories warranting sentence reduction identified by the Sentencing Commission in U.S.S.G. § 1B1.13, including affording any deference to the Director for purposes of U.S.S.G. § 1B1.13 comment n. 1 (D) ("Other Reasons")).

5

or (2) 30 days have lapsed from the date the warden of the defendant's facility received the defendant's request to file such a motion on his or her behalf.  See 18 U.S.C. § 3582 (c)(1)(A).

For reasons discussed at length in two previous decisions (fully incorporated herein), this Court has found that the statutory exhaustion requirement is mandatory and cannot be excused.  See Cassidy, 2020 WL 1969303, at *3-8; United States v. Schultz, 17-CR-193S, 2020 WL 1872352, at *3-6 (W.D.N.Y. Apr. 15, 2020); see also United States v. Montanez, 15-CR-122G, 2020 WL 2183093, at *2-11 (W.D.N.Y. May 5, 2020) (finding § 3582 (c)(1)(A)'s exhaustion requirement mandatory).

Here, Black submitted his request for compassionate release to the warden of FCI Allenwood Low on April 28, 2020.  (Motion for Compassionate Release, p. 4.)  The warden denied his request on May 13, 2020.  (Id. pp. 13-14.)  Thirty days having lapsed since April 28, 2020, this Court finds that Black has satisfied the statutory exhaustion requirement, and the government does not contend otherwise.

**2. Extraordinary and Compelling Reasons for Sentence Reduction**

Black has served approximately 22 months of his 72-month sentence.  He is a 43-year-old man who admits having "little to no medical issues."  (Motion for Compassionate Release, p. 1.)  This admission is consistent with the Presentence Report, which reflects that Black was in generally good physical health at the time of sentencing (November 2018).  (Presentence Report, Docket No. 1113, ¶¶ 103, 104.)

Nonetheless, Black contends that even without an underlying medical condition, he is still generally at risk of contracting COVID-19 and therefore seeks release on that basis.  This argument implicates the "Other Reasons" section of U.S.S.G. § 1B1.13

comment n. 1 (D), which provides for relief if there exist extraordinary and compelling reasons for sentence reduction other than (or in combination with) what is specifically prescribed. See United States v. Resnick, 14 CR 810 (CM), 2020 WL 1651508, at *7 (S.D.N.Y. Apr. 2, 2020) (considering compassionate-release request based on a defendant's susceptibility to COVID-19 under the "catch-all" provision of U.S.S.G. § 1B1.13 comment n. 1 (D)).

COVID-19, of course, is the sweeping, potentially deadly, worldwide pandemic that required the President of the United States to declare a national emergency on March 13, 2020. The Centers for Disease Control and Prevention ("CDC") has determined that individuals with certain underlying medical conditions, particularly if not well controlled, are at high risk for severe illness from COVID-19.[5] See Jones v. Wolf, No. 20-CV-361, 2020 WL 1643857, at *8 (W.D.N.Y. Apr. 2, 2020) (taking judicial notice that "for people of advanced age, with underlying health problems, or both, COVID-19 causes severe medical conditions and has increased lethality") (quoting Basank v. Decker, 20 Civ. 2518, 2020 WL 1481503, at *3 (S.D.N.Y. Mar. 26, 2000)).

But here, Black does not suffer from any of the medical conditions listed by the CDC, nor is he otherwise at high risk of contracting COVID-19. He simply (and understandably) fears contracting COVID-19 while incarcerated. Such a generalized fear, however, does not constitute an extraordinary and compelling reason for compassionate release. See United States v. Nwankwo, No. 12 Cr. 31 (VM), 2020 WL 2490044, at *1-2 (S.D.N.Y. May 14, 2020) ("the risks posed by the pandemic alone do

---

[5] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited July 15, 2020).

7

not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease"); United States v. Jaramillo, No. 17 CR 4, 2020 WL 2306564, at *1 (S.D.N.Y. May 8, 2020) (denying compassionate release motion where defendant failed to demonstrate a specific medical condition that placed him at extraordinary risk of infection or severe illness from COVID-19).

Moreover, Black has made no showing that the Bureau of Prisons is unable or unwilling to combat COVID-19 at his facility (FCI Allenwood Low).  See United States v. Gagne, No. 3:18-cr-242 (VLB), 2020 WL 1640152, at *4 (D. Conn. Apr. 2, 2020) (denying compassionate release where the defendant failed to show "that the [Bureau of Prisons] cannot adequately manage the [COVID-19] pandemic or treat her to a reasonable degree"); Gileno, 2020 WL 1307108, at *4 ("Mr. Gileno has also not shown that the plan proposed by the Bureau of Prisons is inadequate to manage the pandemic within Mr. Gileno's correctional facility, or that the facility is specifically unable to adequately treat Mr. Gileno.").  Indeed, as of this writing, there have been no reported inmate or staff cases at FCI Allenwood Low.[6]

Accordingly, because Black alleges nothing more than the general possibility that he could contract COVID-19, and because he has made no showing that FCI Allenwood Low is unable or unwilling to combat the disease or to adequately treat him if he falls ill, he fails to demonstrate an extraordinary and compelling reason for a sentence reduction under U.S.S.G. § 1B1.13 comment n. 1 (D) based on COVID-19.  See Stevens, 2020 WL 2393306, at *6-7 (denying compassionate release to defendant in facility with no reported

---

[6] See https://www.bop.gov/coronavirus/ (last visited July 16, 2020).

8

cases alleging only the general possibility of contracting COVID-19); Korn, 2020 WL 1808213, at *6-8 (denying compassionate release to defendant who failed to show inadequacy in Bureau of Prisons plan or ability to treat him); see also Gileno, 2020 WL 1307108, at *4; Eberhart, 2020 WL 1450745, at *2; Zywotko, 2020 WL 1492900, at *2; Gagne, 2020 WL 1640152, at *4.

### 3. Consideration of the § 3553 (a) Factors

This Court further finds that consideration of the § 3553 (a) factors outweighs any extraordinary and compelling reasons for a sentence reduction that could be found to exist, and that a reduction would undermine Black's original sentence. See 18 U.S.C. § 3582 (c)(1)(A) (requiring consideration of the applicable § 3553 (a) factors); see also Ebbers, 2020 WL 91399, at *7. The § 3553 (a) factors include, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553 (a).

Black was the "right-hand lieutenant" of Kenneth Pettway, Jr., the leader of the Bailey Boys, a violent street gang known by multiple names that controlled all criminal activity in a territory located on the east side of Buffalo, N.Y. (Presentence Report, ¶¶ 13, 14, 16, 17.) Black admitted that he obtained significant quantities (280 grams or more) of cocaine base from Pettway for further distribution and did in fact possess and distribute the cocaine base. (Plea Agreement, ¶ 6.) He further admitted that a search warrant executed at his residence resulted in the seizure of heroin, cocaine, marijuana, scales,

razors, baggies, and other drug paraphernalia. (Id.) In all, Black admitted that his converted relevant conduct was at least 1,000 kilograms, but less than 3,000 kilograms, of marijuana. (Id.)

For this serious criminal activity, Black agreed to the imposition of a sentence within a range of 60-120 months. The imposed 72-month sentence fell within this range and is a fair, just, and reasonable sentence which, in this Court's view, would be severely undermined by a reduction to time served. Such a reduced sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future crimes by the defendant. See 18 U.S.C. § 3553 (a). Such a reduction would also result in unwarranted sentencing disparities. Id. Accordingly, consideration of the § 3553 (a) factors outweighs any extraordinary and compelling reasons for a sentence reduction.

### 4. Consistency of a Reduction with U.S.S.G. § 1B1.13

Finally, this Court finds that a sentence reduction would not be consistent with U.S.S.G. § 1B1.13. See 18 U.S.C. § 3582 (c)(1)(A) (requiring that any sentence reduction be consistent with applicable policy statements issued by the Sentencing Commission); U.S.S.G. § 1B1.13 (2). This inquiry requires a determination as to whether the defendant poses a danger to the safety of any person or to the community if released.

In addition to his significant drug-trafficking activities and gang affiliation, Black also possessed weapons. Black admits that he possessed two pistols when his house was searched: a J.P. Sauer & Sohn CHL 7.65 mm pistol and a Smith and Wesson 9mm model 6906 pistol. (Plea Agreement, ¶ 6.) This is consistent with the modus operandi of the Bailey Boys, which protected its territory and reputation by committing acts of

violence, including murder, against individuals who engaged in or attempted to engage in criminal activities in their territory.  (Presentence Report, ¶ 14.)

Thus, given the nature of Black's conviction, his gang affiliation, and his possession of multiple weapons, this Court finds that he remains a danger to the community if released.

### IV. CONCLUSION

For all of the reasons stated above, this Court finds that compassionate release and a sentence reduction under 18 U.S.C. § 3582 (c)(1)(A)(i) is not warranted.  Black's motion will therefore be denied.

### V. ORDER

IT HEREBY IS ORDERED, that Black's Motion for Compassionate Release (Docket No. 1246) is DENIED.

SO ORDERED.


Dated:  July 17, 2020
        Buffalo, New York

                                                    s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge